**UNITED STATES of America**

v.

**Oscar VALENCIA–ROMERO, Defendant.**

**No. 90 CR 193.**

United States District Court, E.D. New York.

Oct. 9, 1990.

Mark Isaacs, for defendant.

Leonard Lato, Asst. U.S. Atty., Andrew J. Maloney, U.S. Atty., E.D.N.Y., for U.S.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant moves to enforce certain subpoenas issued to six government agents, four from the Drug Enforcement Administration ("DEA") and two from the Immigration and Naturalization Service ("INS"). Defendant has subpoenaed these agents to testify at his suppression hearing, which is scheduled for September 25, 1990. Defendant claims that the testimony of each of these agents is necessary to discovering what he alleges to be the truth; namely, that his consent to the search of his van and apartment was coerced by them.

Defendant claims that since each of the subpoenaed agents was present at the time of defendant's arrest, "each of their perceptions as to what actually occurred *may* prove valuable in discovering the truth." Affirmation of Defendant's Attorney in Support of Defendant's Motion, at 3 (emphasis added). Defense counsel *"hopes"* to show ... that at least some of the agents physically abused defendant and searched [defendant's] van without his consent." *Id.* at 2–3 (emphasis added).

■ While this Court recognizes defendant's right to compulsory process, it also notes that this right is not unrestrained. *United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982). For a defendant to be entitled to compel testimony, there must be some showing that the subpoenaed witnesses' testimony would be "both material and favorable" to the defense. *Id.*

■ Although it is obvious that the testimony which defendant "hopes" to secure, via the present subpoenas, would be material and favorable to his defense, he has made no plausible showing that such testimony would be forthcoming. Defendant cannot "simply posit the testimony most helpful to him"; rather, he must offer

some "reasonable basis" to believe that the testimony would be beneficial to his case. *United States v. Ginsberg,* 758 F.2d 823, 831 (2d Cir.1985).

Unbridled speculation falls far short of this standard. The Court might be more sympathetic were defendant able to demonstrate, with some degree of certainty, that the subpoenaed agents would provide information which a reasonable man would consider material and beneficial to defendant's case. At present, defendant has demonstrated nothing more than his intent to embark on a fishing expedition.

The Court notes that the government intends to call three DEA agents to testify at the suppression hearing, all of whom were present at the time of defendant's arrest and the search of his van and residence.[1] Government Response of August 24, 1990, at 2. These three agents are among the six which defendant subpoenaed. As such, defendant will have a fair and adequate opportunity to elicit any facts which may be beneficial to his defense and which may support his claim of coercion. The Court therefore finds that the testimony of an additional three agents would be cumulative. *See United States v. Gallagher,* 620 F.2d 797, 800 (10th Cir.), *cert. denied,* 449 U.S. 878, 101 S.Ct. 224, 66 L.Ed.2d 100 (1980).

Accordingly, defendant's motion to enforce the subpoenas is denied. In light of this ruling, the Court orders that any and all witness fees paid to the six subpoenaed agents be returned to defendant's attorney.

Finally, defendant moves to have the six government agents held in contempt for failure to appear in court on June 7, 1990, as directed by the subpoenas. In light of the fact that the June 7, 1990 court date amounted to a mere status conference bearing on the upcoming suppression hearing, this motion also is denied.

SO ORDERED.

---

**1.** The Court has been informed that one of the three agents may be unable to testify at the suppression hearing. This does not affect the Court's decision.